Mary Jo O'Neill, AZ Bar No. 005924
Sally C. Shanley, AZ Bar No. 012251
P. David Lopez, DC Bar No. 426463
Valerie L. Meyer, CA Bar No. 228586
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012-2504
Telephone:  (602) 640-5016
Fax:  (602) 640-5009
Email:   patrick.lopez@eeoc.gov
         valerie.meyer@eeoc.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PRESCOTT DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>NAVAJO HEALTH FOUNDATION--SAGE MEMORIAL HOSPITAL, INC.,<br><br>Defendant. | Case No.:<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and/or national origin and retaliation, and to provide appropriate relief to Drs. Syed Ahmed, Mohammad Ilyas, Mehr N. Iqbal, Zaffar Iqbal, Majaz A. Khan, Debra Meness, Nariel Offomah, and Miriam E. Rodriguez-Padilla, who were adversely affected by such practices as described with particularity below.  The Commission alleges that Defendant Navajo Health Foundation/Sage Memorial Hospital, Inc. paid Drs. Ilyas, M. Iqbal, Z. Iqbal, Khan, Meness, Offomah, and Rodriguez-Padilla less than it paid a white, Anglo

comparator due to their race and/or national origin. When these physicians and Dr. Ahmed complained of discrimination to Defendant's Board of Directors and filed charges alleging discrimination with the Commission, the eight physicians experienced retaliation in the form of threats from and comments by Defendant's Directors.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona, Prescott Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Navajo Health Foundation/Sage Memorial Hospital, Inc. (the "Employer"), an Arizona corporation, has continuously been doing business in the State of Arizona and the City of Ganado, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6. More than thirty days prior to the institution of this lawsuit, Drs. Syed Ahmed, Mohammad Ilyas, Mehr N. Iqbal, Zaffar Iqbal, Majaz A. Khan, Debra Meness, Nariel Offomah, and Miriam E. Rodriguez-Padilla filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

**FIRST CLAIM:  WAGE DISCRIMINATION**

7. Since at least November 2002, Defendant Employer has engaged in unlawful employment practices at its Ganado, Arizona facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These practices include paying, on the basis of race and/or national origin, a white, Anglo physician with less experience an annualized wage several thousand dollars greater than the annualized wage paid to each of Drs. Mohammad Ilyas, Mehr N. Iqbal, Zaffar Iqbal, Majaz A. Khan, Debra Meness, Nariel Offomah, and Miriam E. Rodriguez-Padilla. All seven physicians are non-White and/or non-Anglo, and their races and national origins are as follows:  Dr. Ilyas, Asian/Pakistani; Dr. M. Iqbal, Asian/East Indian; Dr. Z. Iqbal, Asian/East Indian; Dr. Khan, Asian/Pakistani; Dr. Meness, Native American; Dr. Offomah, Black/Nigerian; and Dr. Rodriguez-Padilla, Hispanic/Puerto Rican.

**SECOND CLAIM:  RETALIATION**

8. Since at least October 2004, Defendant Employer has engaged in unlawful employment practices at its Ganado, Arizona facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These practices include retaliation against Drs. Syed Ahmed, Mohammad Ilyas, Mehr N. Iqbal, Zaffar Iqbal, Majaz A. Khan, Debra Meness, Nariel Offomah, and Miriam E. Rodriguez-Padilla for their opposition to unlawful employment practices such as wage discrimination. When these physicians complained of discrimination to Defendant's Board of Directors and filed charges alleging discrimination with the Commission, they experienced retaliation including threats from and comments by Defendant's Directors.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Drs. Syed Ahmed, Mohammad Ilyas, Mehr N. Iqbal, Zaffar Iqbal, Majaz A. Khan, Debra Meness, Nariel Offomah, and Miriam E. Rodriguez-Padilla of equal employment opportunities and otherwise adversely affect their status as employees, because of their non-White, non-Anglo races and/or national origins.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Drs. Syed Ahmed, Mohammad Ilyas, Mehr N. Iqbal, Zaffar Iqbal, Majaz A. Khan, Debra Meness, Nariel Offomah, and Miriam E. Rodriguez-Padilla.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in wage discrimination, retaliation, and any other employment practice which discriminates on the basis of race and/or national origin or opposition to unlawful employment practices.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for non-White and/or non-Anglo individuals, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Drs. Syed Ahmed, Mohammad Ilyas, Mehr N. Iqbal, Zaffar Iqbal, Majaz A. Khan, Debra Meness, Nariel Offomah, and Miriam E. Rodriguez-Padilla, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to issuance of a written apology.

  D. Order Defendant Employer to make whole Drs. Syed Ahmed, Mohammad Ilyas, Mehr N. Iqbal, Zaffar Iqbal, Majaz A. Khan, Debra Meness, Nariel Offomah, and Miriam E. Rodriguez-Padilla, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, including job search and relocation expenses, in amounts to be determined at trial.

  E. Order Defendant Employer to make whole Drs. Syed Ahmed, Mohammad Ilyas, Mehr N. Iqbal, Zaffar Iqbal, Majaz A. Khan, Debra Meness, Nariel Offomah, and Miriam E. Rodriguez-Padilla, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay punitive damages for its malicious and/or reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 5th day of September, 2006.

        RONALD S. COOPER
        General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        1801 L Street, NW
        Washington, DC  20507

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

s/ Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

s/ Sally C. Shanley
Supervisory Trial Attorney

s/ P. David Lopez
Trial Attorney

s/ Valerie L. Meyer
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave.
Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff